UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA M.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5450 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR AN AWARD OF BENEFITS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. Plaintiff contends the ALJ erred by rejecting her symptom testimony, the opinions of Brian Zolnikov, Ph.D., and the opinions of Margaret Glissmeyer., PA-C. Pl. Op. Br. (Dkt. 13) at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an award of benefits.

## BACKGROUND

Plaintiff is 35 years old, has at least a high school education, and has no past relevant work. Admin. Record ("AR") (Dkt. 11) 648. On August 31, 2016, Plaintiff applied for benefits, later alleging disability as of August 31, 2016. AR 15, 216–24. Plaintiff's applications were denied initially and on reconsideration. AR 122–34, 136–50. ALJ Allen Erickson conducted a hearing on March 6, 2018, after which he issued a decision finding Plaintiff not disabled. AR

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR AN
AWARD OF BENEFITS - 1

15–29, 34–79. The Appeals Council denied review. AR 1–3.

Plaintiff then sought review in this Court. *See* AR 721. On April 15, 2020, U.S. District Judge Benjamin H. Settle issued an order reversing the Commissioner's denial of benefits, and remanding the matter for further proceedings. AR 727–35. Judge Settle held the ALJ erred in rejecting Plaintiff's testimony, the only issue on which Plaintiff alleged error. *See id.*

On remand, ALJ Erickson held a new hearing. AR 657–89. Plaintiff requested a closed period of disability from her alleged onset date of August 31, 2016, through September 30, 2019. AR 638, 665. On April 15, 2021, ALJ Erickson issued a new decision, once again finding Plaintiff not disabled. AR 638–50. In relevant part, the ALJ held Plaintiff had severe impairments of anxiety disorder, dyslexia, posttraumatic stress disorder, and major depressive disorder. AR 641. The ALJ held Plaintiff had the residual functional capacity to perform the full range of work at all exertional levels, with non-exertional limitations. AR 644. She could understand, remember, and apply short, simple instructions. *Id.* She could perform routine, predictable tasks outside of a fast-paced production-type environment. *Id.* She could make simple decisions. *Id.* She could tolerate exposure to a few routine workplace changes. *Id.* She could have occasional interaction with coworkers, but no interaction with the general public. *Id.*

The Appeals Council did not assume jurisdiction after the ALJ's latest decision, and thus it became the Commissioner's final decision. *See* 20 C.F.R. § 416.1484(d). Plaintiff seeks judicial review of this latest decision.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ is responsible for

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR AN
AWARD OF BENEFITS - 2

evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Ford*, 950 F.3d at 1154. This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A.  Plaintiff's Testimony

Plaintiff argues the ALJ erred by failing to give clear and convincing reasons for rejecting her testimony. Pl. Op. Br. at 2–7. Plaintiff testified she had panic attacks and social anxiety during the alleged disability period. AR 48, 254, 293, 667, 679. She testified she had two to three panic attacks per week, lasting a half hour to an hour each. AR 679. She testified she was prescribed medications, but they did not work or made her sick. AR 51–52, 668. She testified she rarely left her house. AR 59, 257. She testified she had panic attacks when she was working at Goodwill in an accommodated job, and would have to leave work early two days a week. AR 68–69, 682. She testified she was let go from that job. AR 682.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ

may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15).

The ALJ found Plaintiff met the first step, but discounted her testimony regarding the severity of her symptoms. The ALJ first reasoned Plaintiff "has received minimal treatment for anxiety, with few prescribed medications and periodic counseling." AR 645. Judge Settle rejected this reason the last time this case was before the Court, and the ALJ added no further information that would cause the Court to revisit that determination. *See* AR 733. This reason thus fails.

The ALJ next reasoned Plaintiff's testimony was inconsistent with the overall medical record. AR 645–46. The ALJ's reasoning here is essentially the same as it was the last time this matter was before the Court. *See* AR 23–24. The ALJ noted Plaintiff had some normal mental status findings, but ignored that providers documented anxiety on many occasions, including an emergency room visit for an anxiety attack. *See, e.g.*, AR 378, 391, 399, 401, 412, 422, 554–55, 568, 581, 591, 606, 966–71. That reasoning fails here for the same reasons it failed before Judge Settle. *See* AR 732–34; *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

The ALJ last reasoned Plaintiff's testimony was inconsistent with her activities of daily living. AR 646. This reasoning is again the same as the last time this matter was before the Court. *See* AR 24. Plaintiff's ability to prepare her own meals, care for her daughter, socialize online, and maintain a driver's license does not contradict her testimony that she has panic attacks and rarely leaves her own house. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding claimants need not be "utterly incapacitated to be eligible for benefits," and noting "many home activities are not easily transferable to what may be the more grueling environment

of the workplace"). The ALJ thus erred in rejecting Plaintiff's testimony as inconsistent with her daily activities.

B.     Dr. Zolnikov's Opinions

Plaintiff argues the ALJ failed to give valid reasons for rejecting Dr. Zolnikov's opinions. Pl. Op. Br. at 7. Dr. Zolnikov examined Plaintiff in May 2018. AR 909–17. Dr. Zolnikov opined Plaintiff was markedly limited in her ability to understand, remember, and persist in tasks by following detailed instructions, perform activities within a schedule, maintain attendance, perform routine tasks without special supervision, communicate and perform effectively in a work setting, and complete a normal work day or week without interruptions from her psychological symptoms. AR 910.

An ALJ may only reject the uncontradicted opinions of a treating or examining doctor by providing "'clear and convincing' reasons."[1] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). If the treating or examining doctor's opinions are contradicted, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Dr. Zolnikov's opinions were contradicted by the opinions of Gary Nelson, Ph.D., and Eugene Kester, M.D., so the specific and legitimate standard applies. *See* AR 130–32, 146–48.

The ALJ gave Dr. Zolnikov's opinions "little weight," reasoning that they were "inconsistent with and unsupported by the overall record and [Plaintiff's] demonstrated

---

[1] The Commissioner issued amended regulations for evaluating medical evidence, but the amended regulations apply only to claims filed on or after March 27, 2017, and therefore are not relevant to this case. *See* 20 C.F.R. § 416.927 (applicable to claims filed before March 27, 2017); 20 C.F.R. § 416.920c (applicable to claims filed after March 27, 2017).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR AN
AWARD OF BENEFITS - 5

functioning." AR 648.  The ALJ did not add any specifics here, presumably relying on his reasoning as described in addressing Plaintiff's testimony.  *See id.*  As that reasoning failed with respect to Plaintiff's testimony, it also fails with respect to Dr. Zolnikov's opinions.

### C. Ms. Glissmeyer's Opinions

Plaintiff argues the ALJ failed to give valid reasons for rejecting Ms. Glissmeyer's opinions.  Pl. Op. Br. at 7–8.  The Court need not address this contention because, as explained below, this matter is being remanded for an award of benefits.

### D. Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits.  Pl. Op. Br. at 8. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d

at 1045 (citing *Treichler*, 773 F.3d at 1101).

Plaintiff has met each step of the credit-as-true framework. First, Plaintiff has established the ALJ erred in rejecting Plaintiff's testimony and Dr. Zolnikov's opinions. Second, there are no outstanding issues for which remand is necessary. The ALJ has had two opportunities to review Plaintiff's testimony, and has twice rejected it on the same erroneous grounds. The ALJ's analysis of the medical opinions relied on the same erroneous grounds, so further administrative review would serve no useful purpose.

Third, if Plaintiff's erroneously rejected testimony is credited as true, the evidence requires a finding of disability. Plaintiff testified she would get panic attacks two to three times a week lasting between a half hour and an hour. AR 679. The vocational expert testified a person would be precluded from work if she was unable to perform tasks for a half hour to an hour at unpredictable times during the workday due to panic attacks. AR 687. Plaintiff was therefore unable to work due to her impairments, and disabled during the closed period of August 31, 2016, through September 30, 2019.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an award of benefits.

DATED this 25th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE